# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC., | Case No. 1:18-cv-00387-AWI-SAB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING ON STANDING |
| v. | |
| ALAA DIA, | SEVEN DAY DEADLINE |
| Defendant. | |

Plaintiff Sream, Inc. filed this action alleging violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq. and California law. After the Clerk of the Court entered default against Defendant Alaa Dia, Plaintiff filed a motion for default judgment on May 30, 2018.

Plaintiff's complaint alleges that Mr. Martin Birzle, through his successor in interest RooR International BM, is the designer and manufacturer of smoker's products. RooR is the premiere manufacturer of glass water pipes, and since at least August 2013, Plaintiff has been the exclusive licensee of RooR marks in the United States. The marks at issue are U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with goods further identified in registration in international class 034; U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo in association with goods further identified in the registration in international classes 025 and 034; U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo in association with goods further identified in

the registration in international class 021; and common law and unregistered state law rights for variants of the RooR marks. Plaintiff alleges that Defendant is selling goods that are reproductions, counterfeits, copies and/or colorable imitations of one of more of the RooR marks without permission. Plaintiff's complaint includes copies of the trademarks registered with the United States Patent and Trademark Office to Martin Birzle which were registered March 30, 1999; January 11, 2000; and September 1, 2009. (ECF No. 1-2 at 2-4.)

The Court takes judicial notice that recently a number of courts have found that Plaintiff does not have standing to bring suit under the Lanham Act based on these trademarks. See Sream, Inc. v. PB Grocery, Inc., of Palm Beach, No. 16-CV-81584, 2017 WL 6409006, at *4 (S.D. Fla. Mar. 1, 2017); RooR v. Smoke This Too, LLC, No. 16-CV-61439, 2017 WL 5714576, at *2 (S.D. Fla. Apr. 27, 2017); Sream, Inc. v. K & R of WPB, Inc., No. 17-CV-80222, 2017 WL 6409014, at *3 (S.D. Fla. May 9, 2017); Sream Inc. v. HHM Enter. Partners, Inc., No. 16-CV-62641, 2017 WL 6409000, at *2 (S.D. Fla. Apr. 27, 2017); Sream, Inc. v. Grateful J's, Inc., No. 17-60458-CIV, 2017 WL 6409004, at *4 (S.D. Fla. Oct. 13, 2017).[1] The Grateful J's, Inc. court made this finding after reviewing the trademark license agreement and stated that it established that Plaintiff is not an assignee with standing to sue under section 1114. 2017 WL 640900, at *4.

For each form of relief sought in federal court, a plaintiff must establish standing to challenge the action sought to be adjudicated in the lawsuit. Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert. denied, 131 S. Ct. 503 (2010). This requires the plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted). "The requirement of standing 'focuses on the party seeking to get his complaint before a federal court

---

[1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

and not on the issues he wishes to have adjudicated.' " <u>Valley Forge Christian Coll.</u>, 454 U.S. at 484 (quoting <u>Flast v. Cohen</u>, 392 U.S. 83, 99 (1968).) The party seeking to invoke the jurisdiction of the court bears the burden of establishing standing. <u>Nat'l Licensing Ass'n, LLC. v. Inland Joseph Fruit Co.</u>, 361 F.Supp.2d 1244, 1248 (E.D. Wash. 2004) (citing <u>Warth v. Seldin</u>, 422 U.S. 490, 518 (1975)).

"To establish standing to sue for trademark infringement under the Lanham Act, a plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a nonowner with a cognizable interest in the allegedly infringed trademark." <u>Halicki Films, LLC v. Sanderson Sales & Mktg.</u>, 547 F.3d 1213, 1225 (9th Cir. 2008). "The law is well settled that there are no rights in a trademark alone and that no rights can be transferred apart from the business with which the mark has been associated." <u>Mister Donut of Am., Inc. v. Mr. Donut, Inc.</u>, 418 F.2d 838, 842 (9th Cir. 1969).

Federal jurisdiction here is established through Plaintiff's claims brought under 15 U.S.C. §§ 1114, 1116, and 1125(a). (Compl. at pp. 7-11.) Courts hold that "an exclusive license that amounts to a de facto assignment creates standing in the exclusive licensee." <u>Nova Wines, Inc. v. Adler Fels Winery LLC</u>, 467 F.Supp.2d 965, 974 (N.D. Cal. 2006). But, where a license agreement that does not grant the licensee a property interest in the mark or otherwise assign the licensee the ownership rights, the licensee cannot enforce the mark under section 1114. <u>Nat'l Licensing Ass'n, LLC. v. Inland Joseph Fruit Co.</u>, 361 F.Supp.2d at 1254 (collecting cases); <u>OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.</u>, No. CV-14-085-LRS, 2015 WL 11117169, at *2 (E.D. Wash. Nov. 30, 2015) (finding no standing to bring section 1114 or 1116 claims).

Section 1125(a) provides that any person who believes that he or she is likely to be damaged by such an act may be suit for conduct that falls within the section. So, a person who is not the owner of a trademark and could not bring suit under section 1114 may have standing to bring suit under section 1125(a). <u>Licensing Ass'n, LLC. v. Inland Joseph Fruit Co.</u>, 361 F.Supp.2d at 1256.

Based on the prior findings by multiple courts that Plaintiff does not have standing to

bring claims under the Lanham Act, Plaintiff shall be required to submit supplemental briefing, including the Trademark Licensing Agreement, to address the standing issue.

Accordingly, IT IS HEREBY ORDERED that within **seven (7) days** from the date of entry of this order, Plaintiff shall submit supplemental briefing, including the Trademark Licensing Agreement, addressing whether Plaintiff has standing to bring claims under the Lanham Act in this action.

IT IS SO ORDERED.

Dated:   **June 23, 2018**

_____

UNITED STATES MAGISTRATE JUDGE